FILED
JAMES J. VILT, JR. - CLERK
MAY 15 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL NO. 3:22-CR-113-DJH

JALEN WILSON     DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Jalen Wilson, and his attorney, Kayla Campbell, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B), and Title 18, United States Code, Section 2.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1, 2, 3, 4, and 6 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> Beginning on or about June 9, 2022, and continuing to on or about July 24, 2022, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, Jalen Wilson, and his co-defendants McAlmont, Black Jr., and Christian, intentionally conspired with each other and others, to possess and distribute controlled substances, which included over 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and over 40 grams of a mixture and substance containing a detectable amount of fentanyl.

On or about June 10, 2022, in Jefferson County, Kentucky, located in the Western District of Kentucky, detectives with the Louisville Metro Police Department (LMPD) conducted a controlled buy from the defendant, Jalen Wilson, and co-defendant, Lamarcus McAlmont. The defendant sold an undercover officer approximately 1,000 fentanyl pills. The Drug Enforcement Administration Laboratory has tested the pills which yielded a mixture and substance containing 106.03 grams of fentanyl.

On or about June 15, 2022, in Jefferson County, Kentucky, located in the Western District of Kentucky, detectives with LMPD conducted a controlled buy from the defendant, Jalen Wilson, and co-defendant, Lamarcus McAlmont. The defendant sold an undercover officer approximately 890 grams of a mixture and substance containing a detectable amount of methamphetamine and provided a free tester of fentanyl. The Drug Enforcement Administration Laboratory has tested the substances which yielded 525.1 grams of pure methamphetamine and 0.75 grams of fentanyl.

On or about July 7, 2022, in Jefferson County, Kentucky, located in the Western District of Kentucky, an agent with the Federal Bureau of Investigation (FBI) and detectives with the LMPD conducted a controlled buy from the defendant, Jalen Wilson. Co-defendant Lamarcus McAlmont provided the methamphetamine to the defendant, Jalen Wilson, who then sold to an undercover officer 447.4 grams of a mixture and substance containing a detectable amount of methamphetamine. The Drug Enforcement Administration Laboratory has tested the substance which yielded 433.9 grams of pure methamphetamine.

On or about July 19, 2022, in Jefferson County, Kentucky, located in the Western District of Kentucky, an agent with the FBI and detectives with LMPD conducted a controlled buy from the defendant, Jalen Wilson, and co-defendant, Antonio Black, Jr. Prior to the controlled purchase, co-defendant Brandon Christian provided defendant Wilson and co-defendant Black Jr. with the methamphetamine. The defendants sold an undercover officer approximately 890.8 grams of a mixture and substance containing a detectable amount of methamphetamine. The Drug Enforcement Administration Laboratory has tested the substance which yielded 872.9 grams of pure methamphetamine.

On or about July 24, 2022, in Jefferson County, Kentucky, located in the Western District of Kentucky, agents with the FBI and detectives with LMPD executed a search warrant at 6307 Hackel Drive, which was the residence for co-defendant McAlmont. During the execution of the warrant, officers located 108.058 grams of a mixture and substance containing a detectable amount of methamphetamine. The Drug Enforcement Administration Laboratory has tested the substance which yielded 104.816 grams of pure methamphetamine. Officers also located at the residence one baggie of suspected heroin, which is still awaiting examination by the DEA Laboratory. Also located at co-defendant McAlmont's residence were an

2

AR57, Model AR Fifteen, 556 caliber pistol, bearing serial number 21353; a Spike's Tactical, Model ST15, 300 caliber rifle, bearing serial number LT001862; and ammunition.

Also, on or about July 24, 2022, in Jefferson County, Kentucky, located in the Western District of Kentucky, detectives with LMPD executed a consent search at the defendant Wilson's residence located at 951 West Florence Avenue. During the search of the residence officers located baggies of suspected fentanyl pills, suspected fentanyl powder, and a digital scale. The controlled substances are still awaiting examination by the DEA Laboratory.

4. Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years, a combined maximum fine of $40,000,000, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $500 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States and the defendant agree to the following:

-agree that a sentence of 120 months is the appropriate disposition of this case.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

5

the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

   A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

   B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

   C. The Defendant knowingly and voluntarily waives the option to file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant.

13. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

20. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he/she may have with respect to the greater offense if the court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

21. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

22. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that

are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____  05/15/2023_____
Alicia P. Gomez                       Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____  05/15/2023_____
Jalen Wilson                          Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____  05/15/2023_____
Kayla Campbell                        Date
Counsel for Defendant

MAB:APG