UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                           CRIMINAL ACTION NO.: 3:22-CR-113-DJH

JALEN WILSON                                                                           DEFENDANT

### UNITED STATES' SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States of America, by counsel, Assistant United States Attorney Alicia P. Gomez, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for August 21, 2023.

Statutory Sentencing Provisions

Jalen Wilson stands convicted of conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A), and (b)(1)(B). (Count 1 of the Indictment) A conviction under these statutes carries a minimum term of imprisonment of 10 years, a potential maximum fine of $10,000,000, and a term of supervised release of no less than 5 years. The defendant also stands convicted of distribution of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2. (Count 2 of the Indictment) A conviction under these statutes carries a minimum term of imprisonment of 5 years, a potential maximum fine of $5,000,000, and a term of supervised release of no less than 4 years. The defendant also stands convicted of two counts of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2. (Counts 3 and 6 of the Indictment) A

conviction under these statutes carries a minimum term of imprisonment of 10 years, a potential maximum fine of $10,000,000, and a term of supervised release of no less than 5 years. Lastly, the defendant stands convicted of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2. (Count 4 of the Indictment) A conviction under these statutes carries a minimum term of imprisonment of 5 years, a potential maximum fine of $5,000,000, and a term of supervised release of no less than 4 years.

## Guideline Calculations

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offense should be 31. (DN 69, PSR at ¶ 30, Page ID # 237).  The PSR also concludes that Mr. Wilson's criminal history places him in Criminal History Category IV.  (*Id*. at ¶ 46, Page ID # 241).  Based upon a total offense level of 31 and a criminal history category of IV, the guideline imprisonment range as calculated by the PSR is 151 to 188 months. (*Id*. at ¶ 82, Page ID # 246).

## United States' Objection to the Guideline Calculation

Undersigned counsel for the United States has filed an objection to the PSR. The time for objections has lapsed; however, the United States would nonetheless like to note this objection. Mr. Wilson has plead guilty to distribution and conspiracy to possess with the intent to distribute methamphetamine. In the PSR, U.S. Probation Office has only calculated the guidelines to include the guidelines for a mixture and substance of methamphetamine. Undersigned counsel is aware of this Court's categorical policy disagreement with the guidelines as they relate to the calculation for the guidelines in cases which involve methamphetamine as the controlled substance. Undersigned counsel was under the impression that this Court's categorical policy disagreement stems from this Court's agreement with the decision rendered by the United States District Court

in New Hampshire in the case of United States v. Bean, 371 F. Supp. 3d 46 (D.N.H. 2019). In Bean, the court outlined the following three step approach for how the guidelines should be calculated in every case involving methamphetamine:

> [T]he court will use the following sentencing methodology in all actual methamphetamine and ice cases: (1) calculate the guidelines sentencing range using the purity-driven methamphetamine guidelines; (2) recalculate the guidelines using the base offense level for the same quantity of methamphetamine mixture; and (3) evaluate whether any upward or downward variances are appropriate based upon the individual characteristics of the defendant and the other § 3553(a) factors. The court will apply this approach in all actual methamphetamine and ice cases regardless of whether the defendant requests the court to do so.

United States v. Bean, 371 F. Supp. 3d 46, 55–56 (D.N.H. 2019)

Hence, the United States requests that the three step approach outlined in Bean be applied in this case. The PSR only includes step two, but fails to include step one.

In this case, the Drug Enforcement Administration Laboratory has tested the methamphetamine possessed and distributed by Mr. Wilson, and the aggregate weight of the actual methamphetamine is 1,831.9 grams. This amount of actual methamphetamine yields a base offense level of 36. U.S.S.G. §2D1.1(c)(2). A base offense level of 36, minus the three points for Acceptance of Responsibility, yields a total offense level of 33. Based upon a total offense level of 33 and a criminal history category of IV, the guideline range of imprisonment for Mr. Wilson had the guidelines been calculated with the methamphetamine purity would have been 188-235 months. The guidelines are advisory and the court is not bound by the guidelines. Undoubtedly, this Court is permitted to vary from the guidelines. However, the United States objects to the PSR automatically including this variance as part of the guideline calculation when the substances possessed and distributed by the defendant have been tested and there are lab results with regards to the purity of the methamphetamine.

Analysis of § 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5) any pertinent policy statement--

    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Wilson stands convicted of conspiracy to possess with intent to distribute controlled substances, distribution of methamphetamine and distribution of fentanyl. It is the position of the United States that a sentence of 120 months' imprisonment, in keeping with the Rule 11(c)(1)(C) plea agreement between the parties, and to be addressed further at the sentencing hearing, would accomplish the sentencing purposes of 3553(a). The proposed sentence in this action, to be

discussed further at the sentencing hearing, will adequately promote respect for the law, reflect the seriousness of the offenses, provide just punishment for the offenses, protect the public, deter further criminal conduct, and provide Mr. Wilson with needed correctional treatment.

## Conclusion

    For the reasons set forth herein, the United States respectfully requests the Court to accept the plea agreement and sentence the defendant in accordance with the plea agreement to a sentence of 120 months' imprisonment, followed by a term of supervised release of no less than 5 years.

    Respectfully submitted,

    MICHAEL A. BENNETT
    United States Attorney


    /s/ *Alicia P. Gomez*
    Alicia P. Gomez
    Assistant U.S. Attorney
    717 West Broadway
    Louisville, Kentucky  40202
    PH:  (502) 582-5911
    alicia.gomez@usdoj.gov


## CERTIFICATE OF SERVICE

    I hereby certify that on August 16, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

    /s/ *Alicia P. Gomez*
    Alicia P. Gomez
    Assistant U.S. Attorney